UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CIVIL NO. 1:10CV445-LG |
| § | CRIMINAL NO. 1:08CR93-LG-RHW |
| § | |
| GARY CLAYTON WALKER § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO VACATE UNDER § 2255**

**BEFORE THE COURT** is Gary Clayton Walker's [18] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. He argues his attorney was ineffective for failing to argue (1) Walker's prior convictions were relevant conduct offenses and (2) in the alternative, his sentence should be concurrent to the prior sentence under U.S.S.G. § 5G1.3(c). The Government has responded in opposition. The Court has reviewed the parties' submissions, the record, and the relevant law. The Section 2255 motion is denied.

**FACTS AND PROCEDURAL HISTORY**

In 2008, Walker was indicted in the Southern Districts of Mississippi and Alabama, Eastern District of Louisiana, and Northern District of Florida for several bank robberies. In this Court, he was indicted on seven counts of bank robbery by force or violence. The remaining indictments charged him with a bank robbery in Slidell, Louisiana on March 12, 2008, Gulf Shores, Alabama on April 15, and Fort Walton, Florida on May 9. The Eastern District of Louisiana and the Northern District of Florida transferred their respective cases to the Southern District of Alabama.

In January of 2009, he pled guilty in the Southern District of Alabama for the

out of state robberies. He was sentenced to concurrent terms of sixty months.

On March 19, 2009, he pled guilty in this Court to Counts 1 through 5 and 7. That is, he pled guilty to robbing a Pascagoula bank on March 6, 2008, a Gautier bank on March 7, a Meridian bank on March 20 and June 12, a Laurel bank on June 2, and a Biloxi bank on July 1. He was sentenced on July 2, 2009 to serve seventy-two months in the custody of the Federal Bureau of Prisons, followed by three years of supervised release on all counts, concurrently to each other but consecutively to the prior sentences imposed in the Southern District of Alabama.

Walker filed the instant petition for habeas corpus on September 10, 2010.

EVIDENTIARY HEARING

After reviewing the parties' submissions, the record, and the relevant law, the Court concludes there is no dispute of fact which warrants an evidentiary hearing. *Ladner v. United States*, 358 U.S. 169, 178-79 (1958).

STATUTE OF LIMITATIONS

Walker first argues his petition is timely because it is filed within one year and ninety days of his sentencing. In the alternative, he argues his petition is timely because he was denied access to a prison law library for seventeen weeks following his sentence. The Government responds the petition is untimely because it is filed over one year and ten days after entry of judgment. The Government does not address his alternative argument.

Section 2255 provides a one year time limit on filing a habeas petition. 28 U.S.C. § 2255(f). Additionally:

The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The Court first examines the date under subsection one, when the conviction became final. Walker's conviction and sentence were entered on July 2, 2009. He had ten days, excluding intervening weekends and legal holidays, to appeal his sentence. Fed. R. App. P. 4(b)(1)(A) (2008)[1]; Fed. R. App. P. 26(a)(1) (2008)[2] . He thus had until July 17 to file a notice of appeal. When he failed to do so, his conviction and sentence became final on this date. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Unless 28 U.S.C. § 2255(f) provides for a later date, this is when the statute of limitations began to accrue.

Walker avers that he was denied access to a law library for approximately

---

[1] Effective December 1, 2009, the Rule was amended to fourteen days.

[2] Effective December 1, 2009, the Rule was amended to include all intervening days, and exclude legal holidays and weekends only when the last day fell on such.

seventeen weeks beginning on June 26, 2009. The Government neither addresses this contention nor presents contradictory evidence.

Lack of access to a law library may qualify for an accrual date under subsection two, the date on which the impediment to making a motion created by governmental action in violation of the Constitution is removed, if the impediment prevented the movant from making a motion. *Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003). *Egerton* held that failure to provide any federal legal materials at the prison library or otherwise constituted an illegal State created impediment. *Id.* This is because the government's "failure to provide the materials necessary to prisoners to challenge their convictions or confinement . . . constitutes an 'impediment'" in violation of the First Amendment right to access to courts. *Id.* Because there was no competing evidence that Egerton had access to or was aware of the relevant law, the Court held that the impediment prevented him from filing his habeas petition. *Id.* at 438.

It is undisputed that such an impediment existed for Walker for about seventeen weeks. He was not provided access to any legal library. There is no competing evidence or argument that he had access to any legal materials. Therefore, the Court finds that the denial of access to a legal library prevented his filing of a habeas petition. It is undisputed that the date on which this impediment was removed was on November 2, 2009. This is when the statute of limitations began to accrue, since it is later than the accrual date reached under subsection one.

Neither side presents evidence or argument as to subsections three and four. Therefore, Walker had until November 2, 2010 to file for habeas relief. The instant

petition, filed September 10, 2010, is timely.

INEFFECTIVE ASSISTANCE OF COUNSEL

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)). Therefore, relief under § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

To prove Walker's claims of ineffective assistance of counsel, he must show that his attorney's performance was unreasonably deficient and, but for that deficiency, there is a reasonable probability that the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

I.   RELEVANT CONDUCT

Walker argues his attorney rendered ineffective assistance when he failed to

argue that the Louisiana, Alabama, and Florida robberies were relevant conduct under Section 1B1.3(a)(2). Specifically, Walker claims these robberies, for which he was already serving sentences, were part of the same crime spree as the Mississippi robberies. Had his attorney made this argument, Walker believes his sentence in this Court would have been shorter and concurrent to the prior sentences. The Government responds that he waived this argument.

The Court will assume that Walker did not waive the argument. Relevant Conduct is defined in pertinent part as:

> (1) (A) all acts and omissions committed . . . by the defendant . . .
> . . .
>
> (2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) . . . above that were part of the same course of conduct or common scheme or plan as the offense of conviction. . . .

U.S.S.G. § 1B1.3. Robbery is not an offense for which Section 3D1.2(d) would require grouping of multiple counts. U.S.S.G. § 3D1.2(d). In fact, robbery is specifically excluded from such grouping. *Id.* Therefore, the out of state bank robberies do not count as relevant conduct.

Nevertheless, Walker points to a Northern District of Texas case which held that a prior robbery committed on August 13 was relevant to the robbery of conviction, committed on November 6. *United States v. Rhodes*, 386 F. Supp. 2d 726, 745 (N.D. Tex. 2005). That court held that the two robberies were relevant conduct under Section 1B1.3, and therefore used the prior robbery to enhance the defendant's

-6-

sentence for the later robbery. *Id*. The sentence was affirmed by the Fifth Circuit. *United States v. Clark*, 214 Fed. Appx. 372 (5th Cir. Dec. 21, 2006). Neither case considered Section 3D1.2(d), which is an express element of relevant conduct under Section 1B1.3(a)(2), and it was not argued before the Fifth Circuit. On the other hand, the Sentencing Guidelines clearly except grouping robbery offenses and, thus, counting them as relevant conduct. The Fifth Circuit has interpreted relevant conduct accordingly, noting that the sentencing court could not have made a departure under relevant conduct, "since the conviction in this case was for a non-groupable offense; namely robbery (U.S.S.G. § 2B3.1). Non-groupable offenses are specifically exempted from inclusion within the Relevant Conduct Category." *United States v. Ashburn*, 38 F.3d 803, 812 n.17 (5th Cir. 1994).

An attorney is not deficient for failing to raise a meritless objection. *Paredes v. Quarterman*, 574 F.3d 281, 291 (5th Cir. 2009). Moreover, "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). As a matter of law, Walker's counsel was not ineffective for failing to argue the out-of-state bank robberies were relevant conduct.

## II.    SECTION 5G1.3(C)

Walker's next contention is that counsel should have argued in the alternative that this sentence be concurrent to the prior sentences under Section 5G1.3(c) because

of the sentencing disparity created by the fact that all of the robberies were not brought before the same court. The Government responds this argument is waived.

Walker's counsel did in fact make this argument at sentencing. Waived or not, this argument has no merit.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Gary Clayton Walker's [18] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody should be and is hereby **DENIED.** A separate judgment will be entered herein in accordance with this Order as required by FED. R. CIV. P. 58.

**SO ORDERED AND ADJUDGED** this the 4th day of April, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE